**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DE SIMAS, et al.. | No. C 06-6614 SI |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND GRANTING DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS** |
| v. | |
| BIG LOTS STORES, INC., et al., | |
| Defendants. | |

On February 23, 2007, the Court heard argument on plaintiffs' motion for leave to amend the complaint, and defendants' motion to dismiss, or in the alternative stay. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby DENIES plaintiffs' motion for leave to amend, and GRANTS defendants' motion to stay.

## I.  Background

### A.  The instant action

Plaintiffs filed their complaint in this Court on October 23, 2006. Plaintiffs allege a variety of claims stemming from defendants' alleged failure to abide by the wage and hour provisions of California law. In particular, plaintiffs allege the following claims: (1) failure to provide rest periods as required by California Labor Code §§ 226.7 and 516; (2) failure to provide meal periods as required by California Labor Code §§ 226, 512, 516; (3) failure to timely pay wages upon termination of employment as required by California Labor Code §§ 201, 202, and 218; (4) failure to pay minimum wage for off-the-clock work or work performed during missed rest and meal periods in violation of California Labor Code §§ 1194, 1194.2, and 1197; (5) failure to pay overtime for off-the-clock work or work performed

1 during missed rest and meal periods in violation of California Labor Code §§ 500, 510, 512 and 1194; (6) breach of contract for failure to abide by an alleged agreement to comply with the foregoing provisions of the California Labor Code; (7) failure to comply with the itemized employee wage statement provisions in violation of California Labor Code § 226; (8) conversion; (9) quantum meruit; and (10) violations of California Business and Professions Code §§ 17200, *et seq.*

Plaintiffs seek relief on behalf of themselves and the putative class of similarly situated non-exempt California employees of defendants. The putative class period begins on October 23, 2002, and runs through the date of adjudication.

Named plaintiff Bryan de Simas worked as a non-exempt employee at a Big Lots store in Sacramento from November 2003 to April 2004. Named plaintiff Linda Johnson worked as a non-exempt employee at a Big Lots store in Redding, California, from November 1994 to July 2004.

### B.     The *Espinosa* action

On September 30, 2005, Francia Espinosa filed a putative class action complaint in the Superior Court of the State of California, in and for Ventura County. *See* Request for Judicial Notice ("RJN"), Ex. 1.[1] In his complaint, Espinosa alleged causes of action for (1) failure to pay wages; (2) failure to provide rest periods or meal periods or compensation in lieu thereof; (3) failure to pay wages of terminated or resigned employees; (4) knowing and intentional failure to comply with itemized employee wage statement provisions; and (5) violations of the unfair competition law. *See id.* The claims were brought under California Labor Code sections 201, 202, 203, 218, 218.5, 218.6, 226, 226.7, 512, 1194, 1199, and California Business an Professions Code section 17200-17208. *See id.* ¶¶ 5-6. Espinosa asserted the claims on behalf of herself and a putative class comprising all non-exempt employees who worked for defendants in California "within four years of the filing of" the complaint. *See id.* ¶¶ 24-27.

On September 14, 2006, after preliminary discovery had taken place, the parties in *Espinosa* engaged in private mediation before mediator David Rotman. The mediator subsequently issue a

---

[1]The Court GRANTS defendants' request for judicial notice.

proposal for a classwide settlement, which the parties accepted on September 29, 2006. On November 6, 2006, the Superior Court entered an Order Granting Preliminary Approval of Class Action Settlement. RJN, Ex. 3. According to defense counsel's representations at the hearing before this Court, a hearing on final approval of the settlement in Superior Court is scheduled for March 29, 2007. Also according to defense counsel, the opt-out deadline for the *Espinosa* settlement has passed, and both of the named plaintiffs in the instant action have failed to opt-out.

**II.     Plaintiffs' motion for leave to amend**

Plaintiffs move for leave to amend their complaint to add a claim under the Private Attorney General Act of 2004, Cal. Lab. Code § 2689, *et seq*. For the following reasons, the Court DENIES plaintiffs' motion for leave to amend.

**A.     Legal Standard**

Federal Rule of Civil Procedure 15 governs the amendment of complaints. It states that if a responsive pleading has already been filed, the party seeking amendment "may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be very generous in granting leave to amend a complaint. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

However, there are several accepted reasons to deny leave to amend, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Properties*, 866 F.2d at 1160; *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809 (9th Cir. 1988). Courts do not ordinarily consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, but leave may be denied if the proposed amendment is futile or would be subject to dismissal. *See Saul v. United*

3

*States*, 928 F.2d 829, 843 (9th Cir. 1991).  A proposed amendment is "futile" only if no set of facts can be proved under the amendment which would constitute a valid claim or defense. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

**B.     Discussion**

Plaintiffs seek to add a claim under the Private Attorney Generals Act of 2004 ("PAGA"), California Labor Code Section 2698 *et seq.*, which states in pertinent part:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Cal. Lab. Code § 2699(a). Generally speaking, Section 2699.3 allows a civil action to be brought under Section 2699(a) after an aggrieved employee gives written notice to the Labor and Workforce Development Agency ("Agency") of an alleged violation and the Agency refuses to investigate or pursue the alleged violation.  Apparently, plaintiffs here have given such notice, and received notice from the Agency that it will not prosecute the alleged violations. *See* Farlane Decl., Exs. A-C.

Defendants argue that plaintiffs' PAGA claims are futile, because the applicable statute of limitations is one year, and plaintiffs' employment ended more than one year before plaintiffs filed their original complaint.  Specifically, defendants contend that the civil penalties that plaintiffs seek to recover under PAGA are subject to a one-year limitations period established by California Code of Civil Procedure Section 340, which states, in pertinent part, that the limitations period shall be one year for "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation." *See also Moore v. Genesco, Inc.*, 2006 U.S. Dist. LEXIS 71115 at *7 (N.D. Cal. Sept. 20, 2006) ("the statute of limitations for statutory civil penalties under PAGA is one year," citing Cal. Code. Civ. P. § 340(a)).

In reply, plaintiffs first argue that "[t]here is no case or statutory law expressly stating what the statute of limitations is for a PAGA claim." Reply at 2:13-14.  The Court agrees with defendants, however, that the one-year statute of limitations prescribed in Section 340 appears, on its face, to apply

4

1  to the claims at issue. Plaintiffs offer, and the Court finds, no alternative to applying Section 340.

2  Plaintiffs next argue that their PAGA claims did not accrue until they received notice from the
3  Agency that it would not pursue plaintiffs' grievances. The Court disagrees. Plaintiffs' interpretation
4  of accrual would effectively obviate all statute of limitations constraints. An aggrieved plaintiff could
5  preserve his or her action indefinitely, simply by delaying in notifying the Agency of the grievance.

6  In support of their argument, plaintiffs cite *Myers v. Eastwood Care Center, Inc.*, 31 Cal. 3d 628,
7  645 P.2d 1218 (Cal. Sup. Ct. 1982), in which the California Attorney General brought an action to
8  enforce a penalty imposed by a state agency. The Attorney General did so only after the agency
9  imposed the penalty, the defendant gave notice that it disputed the penalty, and the agency then gave
10 the Attorney General notice of the dispute. The California Supreme Court held that the action did not
11 accrue until the defendant gave the agency notice that it disputed the penalty, rather than when the acts
12 giving rise to the penalty occurred. *See id.* at 634-36.

13 Plaintiffs here suggest that, as with the Attorney General and the agency in *Myers*, they could
14 not bring an action until they "had the right to pursue a cause of action." Reply at 3:10. In *Myers*,
15 however, the California Supreme Court did not hold that a claim accrues only when the state agency
16 gives authority to sue to the enforcing agent (in *Myers*, the Attorney General; here, the plaintiffs). The
17 court merely held that a claim accrues when the dispute to be litigated arises. *See* 31 Cal. 3d at 635 ("An
18 action pursuant to section 1428 . . . first requires that a citation be issued and finally contested before
19 the Attorney General may act."); *id.* at 636 ("We conclude that the accrual date for a cause of action
20 under section 1428 is the date upon which the licensee notifies the director of its intent to contest the
21 conference decision.") In *Myers*, the dispute to be litigated arose when the defendant challenged the
22 penalty assessed by the agency. Here, the dispute to be litigated arose when defendants allegedly
23 violated the labor laws.

24 Plaintiffs next argue that the PAGA statute allows them, as a matter of right, to amend their
25 complaint to add the claims at issue. Subdivision (a)(2)(C) of Section 2699.3 provides:
26 "Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing
27 complaint to add a cause of action arising under this part at any time within 60 days of the time periods
28 specified in this part." This is a procedural provision, however, that directly conflicts with the Federal

5

Rules of Civil Procedure governing amendment. *See generally* Fed. R. Civ. P. 15. As such, pursuant to the Supremacy Clause, U.S. Const. art VI, cl. 2, the Federal Rules govern. *See Hanna v. Plumer*, 380 U.S. 460 (1965).[2] Moreover, subdivision (a)(2)(C) only grants the right to amend without leave, it does not establish whether a particular amendment will survive.

Plaintiffs also argue that because PAGA allows plaintiffs only to bring a claim on behalf of all aggrieved employees, "Plaintiffs have no individual right to pursue PAGA claims, [and] an individual defense (such as a statute of limitations) cannot prohibit Plaintiffs from amending their complaint to include a class claim." Reply at 4:6-8. The Court is unconvinced. As discussed, PAGA allows for "a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees." Cal. Lab. Code § 2699(a). The Code defines "aggrieved employee" as "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." § 2699(c). "[O]ne or more of the alleged violations" refers to the set of violations defined in subsection (a), as violations of "any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code." § 2699(a).

Plaintiffs are thus correct that the "aggrieved employee" bringing a PAGA claim need not have a valid claim for all of the violations brought under the claim. The employee must, however, have a valid claim for at least one of those violations. Plaintiffs here contend that because the three-year statute of limitations on their overtime wage claims has not run, they have a valid claim for at least one violation, and they are therefore "aggrieved employees" with the right to bring the PAGA claim. As discussed, however, for PAGA purposes, the "aggrieved employee" must be a victim of one of the violations for which the Agency can assess and collect a civil penalty. *See* § 2699(c). Plaintiffs' overtime wage claim does not allege such a violation. It is brought under California Labor Code Sections 1194, which allows an employee to bring a civil action; Section 1194 does not give the Agency authority to bring suit. Plaintiffs therefore are not "aggrieved employees" for purposes of Section 2699,

---

[2] Though state statutes of limitations, including state tolling rules, are deemed substantive for choice-of-law purposes, plaintiffs present no evidence that this provision of PAGA was intended as a tolling mechanism.

6

1 and are therefore not authorized to bring a PAGA action.

2 For the foregoing reasons, the Court finds that plaintiffs' proposed amendment would be futile,
3 and therefore DENIES plaintiffs' motion for leave to amend.

### III.     Defendants' motion to dismiss or stay

Defendants move to dismiss or stay this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332,[3] and the *Colorado River* doctrine.

The *Colorado River* doctrine represents an exception to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818, 96 S. Ct. 1236, 1246 (1976). Accordingly, the doctrine, which rests on considerations of "[w]ise judicial administration," "conservation of judicial resources[,] and comprehensive disposition of litigation," should be employed only in "exceptional" circumstances. *Id.* at 817-18.

A court must consider and weigh several factors when determining the propriety of a stay in favor of state proceedings. These include: (1) whether either court has asserted jurisdiction over a res or property; (2) the relative inconvenience of the forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained and the progress of such proceedings; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the rights of the parties. *See Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 21-22, 103 S. Ct. 927, 941 (1983); *Colorado River*, 424 U.S. at 817-19, 96 S. Ct. at 1246-47; *Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir. 1989). The court's determination rests on a "careful balancing of the important factors as they apply" to the facts of the specific case before the court. *Cone*, 460 U.S. at 16, 103 S. Ct. at 937. Therefore, "[t]he weight to be given any one factor may vary greatly from case to case." *Id.* However, the balance is "heavily weighted in favor of the exercise of jurisdiction." *Cone*, 460 U.S. at 16, 103 S. Ct. at 937 (1983).

A decision to stay or dismiss pursuant to the *Colorado River* doctrine "necessarily contemplates

---

[3]Because the Court finds that the *Colorado River* abstention doctrine applies, it need not, at this point, reach the difficult question of whether CAFA jurisdiction applies.

7

that the federal court will have nothing further to do in resolving any substantive part" of the claim. *Intel Corp. v. Advanced Micro Devices*, 12 F.3d 908, 913 (9th Cir. 1993). Thus, when a district court enters a *Colorado River* stay order it must have "'full confidence' that the parallel state proceeding will end the litigation." *Id.* (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277, 108 S. Ct. 1133 (1988)).

Here, the balance of the *Colorado River* factors favors entering a stay of this action. The Court first notes that several of the factors are of little, if any relevance, to this dispute. As to the first factor, despite defendants' contention, the proposed settlement does not constitute "res or property" over which the state court has asserted jurisdiction. The first factor is therefore wholly irrelevant. The second factor – the relative inconvenience of the forum – is also a wash. The evidence, parties, and counsel, are scattered throughout California. Ventura and San Francisco counties are therefore equally convenient. The third factor – avoidance of piecemeal litigation – is irrelevant. Though proceeding with this action will undoubtedly result in duplication of many of the state court's efforts, the Court does not see how it will result in "piecemeal" litigation.

The remaining factors weigh heavily in favor of defendants. The fourth factor – the order in which jurisdiction was obtained and the progress of such proceedings – clearly favors defendants. The state action was filed over a year in advance of this action, and has proceeded far beyond the pleading stage, where this action is currently stalled. The fifth factor – whether state or federal law controls – also favors defendants. It is undisputed that state law controls all of the claims in *Espinosa*, and in this case.

The sixth factor – whether the state proceeding is adequate to protect the rights of the parties – is the heart of this motion. Plaintiffs focus much of their opposition on attacking the adequacy of the proposed settlement in *Espinosa*. The proposed settlement is flawed, plaintiffs argue, because (1) it purports to settle PAGA claims, which "were not raised in the state-action complaint"; and (2) "it purports to settle claims stemming from [PAGA] without complying with legal prerequisites." Opp. at 5:10-12.

As an initial matter, the Court notes that settlements have sometimes required a plaintiff or a class to relinquish claims that were not pled or litigated. The fact that the proposed settlement in

8

*Espinosa* purports to do so, standing alone, is therefore of little weight. If the terms of, and the circumstances surrounding, the settlement suggested collusion between the parties, the Court would be concerned with the breadth of the release. Plaintiffs here, however, have alleged no facts suggesting that the proposed settlement might be collusive, or that the proposed release is over-broad.

Furthermore, plaintiffs' concerns are based solely on the release of PAGA claims. As discussed above, plaintiffs are unable, in this action, to assert the class's PAGA rights. This action is therefore no more "adequate to protect the rights" of the class than the *Espinosa* action. This factor therefore weighs against plaintiffs.

Finally, the parties also debate whether these two actions are "parallel." This inquiry arises from the *Nakash* case, in which the Ninth Circuit loosely applied the *Colorado River* factors discussed above, but focused primarily on the related inquiry of whether there was a "parallel state proceeding." 882 F.2d at 1416. A parallel state proceeding, according to the Ninth Circuit, exists "if the two proceedings are 'substantially similar.'" *Id.* Here, there is little doubt that this action is "substantially similar" to *Espinosa*. The two actions assert virtually identical claims, on behalf of overlapping classes. In fact, it appears that the putative class in *Espinosa* would encompass every putative class member in this action, including named plaintiffs de Simas and Johnson.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court finds that the *Colorado River* abstention doctrine applies. Accordingly, the Court GRANTS defendants motion to stay. (Docket No. 11). This action is STAYED until April 27, 2007, on which date the Court will hold a Case Management Conference to determine the status of the *Espinosa* settlement and the appropriate course in this case. As discussed above, the Court DENIES plaintiffs' motion to amend the complaint. (Docket No. 30)

**IT IS SO ORDERED.**

Dated: March   , 2007

*Susan Illston*

9

_____
SUSAN ILLSTON
United States District Judge