IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DE SIMAS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>BIG LOTS STORES, INC., et al.,<br><br>    Defendants.<br>_____ / | No. C 06-6614 SI<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

On March 2, 2007, the Court issued an order denying plaintiffs' motion for leave to amend the complaint, and granting defendants' motion to stay the action pending resolution of a parallel state court action. Plaintiffs now move for leave to file a motion for reconsideration of the order. For the following reasons, the Court DENIES plaintiffs' motion, without prejudice.

Plaintiffs urge the Court to reconsider its conclusion that plaintiffs did not have valid and timely Private Attorney General Act ("PAGA") claims, and therefore that plaintiffs' proposed amendment to the complaint was futile. Plaintiffs base their request for reconsideration on new California case law, and on supposed legal errors committed by this Court.

This action is currently stayed, pursuant to the *Colorado River* doctrine, pending resolution of a state court action, *Espinosa*. *Espinosa* was filed as a putative class action in Ventura County Superior Court on September 30, 2005. On September 29, 2006, the *Espinosa* parties agreed to a classwide settlement. Subsequently, on October 24, 2006, plaintiffs Bryan De Simas and Linda Johnson filed this action in this Court, alleging essentially the same claims as in *Espinosa*. Both De Simas and Johnson are members of the *Espinosa* class, and neither opted out. On November 6, 2006, the Superior Court entered an Order Granting Preliminary Approval of Class Action Settlement in *Espinosa*. On January

15, 2007, plaintiffs in this action filed the motion for leave to amend the complaint to add PAGA claims. On April 30, 2007, in the *Espinosa* case, the Superior Court entered a Final Order Approving Class Action Settlement, and Judgment of Dismissal with Prejudice. *See* Final Order (Docket No. 55, Ex. A).

Based on this Court's cursory reading of the Final Order, it appears to bar plaintiffs' action in this Court. *See id.* at 2:11-13 ("the Court further finds that Class Members Bryan de Simas and Linda Johnson did not submit a Request for Exclusion, and thus are Class Members bound by the terms of the Settlement and this Final Order."); 4:5-14 (releasing all claims "of any nature for, or which relate to, the payment of wages, the payment of overtime, the payment of wages for off-the-clock work, . . . violations of the California Labor Code (including but not limited to sections . . . 2698, 2699 [(PAGA)])," etc.). However, De Simas and Johnson filed a motion for reconsideration of the Final Order in the *Espinosa* case. That motion is scheduled to be heard on June 18, 2007.

Any action, at this point, on plaintiffs' motion for reconsideration is likely to be futile. Even if the Court reconsiders its prior order, and allows plaintiffs to amend the complaint to add PAGA claims, and lifts the stay, plaintiffs' action will likely be barred by the *Espinosa* settlement. Furthermore, it does not appear that any action taken, or not taken, by this Court will have any impact on the *Espinosa* settlement. The Court will therefore DENY plaintiffs' motion for reconsideration, but without prejudice to renewal should the *Espinosa* action somehow not ultimately result in a bar to this action or the proposed amendments to the complaint.

In light of the current status of *Espinosa*, the Court continues the Case Management Conference currently scheduled for May 25, 2007, to June 29, 2007. The stay is extended to that date as well. The Court DENIES plaintiffs' motion for leave to file a motion for reconsideration, without prejudice. (Docket No. 56)

**IT IS SO ORDERED.**

Dated: May 21, 2007

SUSAN ILLSTON
United States District Judge