IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN DE SIMAS, et al., | No. C 06-6614 SI |
|     Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION TO LIFT THE STAY AND AMEND THE COMPLAINT** |
|     v. | |
| BIG LOTS STORES, INC., et al., | |
|     Defendants. | |

    Plaintiffs have filed a motion to temporarily lift the stay to allow them to amend the complaint. Hearing on the motion is currently scheduled for June 29, 2007. Having considered the papers submitted, the Court determines that this motion is appropriate for resolution without oral argument, and pursuant to Civil Local Rule 7-9(b), hereby VACATES the June 29, 2007 hearing. For the following reasons, the Court DENIES plaintiffs' motion.

    This action is currently stayed, pursuant to the *Colorado River* doctrine, pending resolution of a state court action, *Espinosa*. *Espinosa* was filed as a putative class action in Ventura County Superior Court on September 30, 2005. On September 29, 2006, the *Espinosa* parties agreed to a classwide settlement. Subsequently, on October 24, 2006, plaintiffs Bryan De Simas and Linda Johnson filed this action in this Court, alleging essentially the same claims as in *Espinosa*. Both De Simas and Johnson are members of the *Espinosa* class, and neither opted out. On November 6, 2006, the Superior Court entered an Order Granting Preliminary Approval of Class Action Settlement in *Espinosa*. On January 15, 2007, plaintiffs in this action filed a motion for leave to amend the complaint to add Private Attorney General Act ("PAGA") claims, which this Court denied. In the same order, the Court granted defendants' motion to stay the action pending resolution of the *Espinosa* action. The Court subsequently

denied plaintiffs' motion for leave to file a motion for reconsideration of that order.

On April 30, 2007, in the *Espinosa* case, the Superior Court entered a Final Order Approving Class Action Settlement, and Judgment of Dismissal with Prejudice.[1] *See* Final Order (Docket No. 55, Ex. A). De Simas and Johnson filed a motion for reconsideration of the Final Order in the *Espinosa* case. On June 18, 2007, the state court denied plaintiffs' motion for reconsideration. De Simas and Johnson now indicate that they "intend to appeal the approval of the *Espinosa* settlement to the California Court of Appeal." Reply at 2:1-2.

With this motion, plaintiffs seek to temporarily lift the Court-ordered stay in order to amend the complaint to add a third named plaintiff, Billy Jim Kincart. Like De Simas and Johnson, Kincart is a member of the *Espinosa* class, and did not opt-out of the *Espinosa* settlement. Unlike De Simas and Johnson, Kincart is still employed by defendant. On April 6, 2007, the State of California notified Kincart that it did not intend to pursue his allegations of Labor Code violations by defendant. Such notice is a prerequisite to bringing PAGA claims. Plaintiffs argue that "[i]n order to pursue [his PAGA] remedies, Mr. Kincart must assert them in an action no later than June 6, 2007." Mot. at 3:1-2. Therefore, plaintiffs argue, "[a]lthough there is no case law on point on this matter, it would seem that denial of Plaintiffs' Motion would be a complete foreclosure of Mr. Kincart's rights to pursue PAGA remedies on behalf of the State of California." Mot. at 4:21-23.

Plaintiffs' argument is wholly without support. Nowhere does PAGA require PAGA claims to be brought within 60 days of the State's right-to-sue notice. Plaintiffs apparently rely on PAGA section 2699.3(a)(2)(C), which provides: "Notwithstanding any other provision of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part." This section merely allows amendment as of

---

[1] Based on this Court's cursory reading of the Final Order, it appears to bar plaintiffs' action in this Court. *See* Final Order (Docket No. 55, Ex. A) at 2:11-13 ("the Court further finds that Class Members Bryan de Simas and Linda Johnson did not submit a Request for Exclusion, and thus are Class Members bound by the terms of the Settlement and this Final Order."); 4:5-14 (releasing all claims "of any nature for, or which relate to, the payment of wages, the payment of overtime, the payment of wages for off-the-clock work, . . . violations of the California Labor Code (including but not limited to sections . . . 2698, 2699 [(PAGA)])," etc.).

right within 60 days; it does not establish an absolute 60-day filing requirement.[2] Thus plaintiffs' exigency argument is unconvincing, and the Court refuses to lift the stay in order to allow the amendment of Kincart and his PAGA claims.[3]

For the foregoing reasons, the Court DENIES plaintiffs' motion to lift the stay and amend the complaint, without prejudice. <u>In light of the current status of *Espinosa*, the Court is inclined to dismiss this case without prejudice to re-filing should plaintiffs ultimately succeed in their appeal of *Espinosa*[4]; the parties are DIRECTED to submit briefs, within ten days and not to exceed five pages, addressing whether the Court should do so.</u> If the parties submit nothing, the Court will dismiss this action without prejudice. The Court also VACATES the Case Management Conference currently scheduled for June 29, 2007. (Docket No. 59)

**IT IS SO ORDERED.**

Dated: June 26 , 2007

SUSAN ILLSTON
United States District Judge

---

[2] Subsection 2699.3(d) makes this clear, stating: "The periods specified in this section are not counted as part of the time limited [sic] for the commencement of the civil action to recover penalties under this part." This subsection would be superfluous and confusing if the time limit for the commencement of a PAGA civil action were, as plaintiffs suggest, simply 60 days from the time the State mails the notice.

[3] If Kincart is ultimately not covered by the *Espinosa* settlement, if the stay in this action is lifted, and if plaintiffs subsequently seek to again add Kincart as a named plaintiff, the Court will take into consideration any impact this Order will have had on the running of the limitations period for Kincart's claims.

[4] Under California law, "[a] judgment is not 'final' for res judicata purposes until the appeal is concluded or the time within which to appeal has passed." *McKee v. National Union Fire Ins. Co.*, 15 Cal. App. 4th 282, 288-89 (Cal. Ct. App. 1993).

3